[Civ. No. 16291. First Dist., Div. Two. July 5, 1955.]

CHARLES J. MARQUESS, Appellant, v. JOSEPH E. BIALLAS et al., Respondents.

J. Maxwell Peyser and James A. Hammel for Appellant.

Fitzgerald, Abbott & Beardsley and Stacy H. Dobrzensky for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment against him in an action on a common count for money had and received. Respondents Biallas and Street had been security brokers and Schultz was one of their salesmen. The gist of plaintiff's action against them as developed at the trial was that they had induced him to buy worthless stock in three corporations by false and fraudulent representations.

The trial court found against appellant on the issue of fraud and since that finding is conclusive we need not consider any other findings discussed in the briefs, following the rule that ''when one sufficient finding supports the judgment, it is not necessary to consider other findings or matters as to evidence which have no relation to and cannot affect this finding.'' (4 Cal.Jur.2d 382.) From a reading of the record we are satisfied that the evidence reasonably supports this finding. It would be fruitless to go over the testimony item by item. Simply by way of example, in connection with the purchase of stock in Citizens Underwriters Corporation, which was incorporated to engage in the insurance business, appellant testified that before he bought this stock he attended a meeting with a Mr. Pettrick, who was the important figure in the company, at which Schultz was present and in which Pettrick promised appellant and Schultz a general agency. Schultz testified that he was not present at any meeting with appellant and Pettrick and that the question of a general agency was never suggested until after appellant had bought his stock. In similar fashion Schultz, who was the salesman who dealt with appellant and with whom of the three he had the most contacts, denied all of appellant's testimony with regard to false representations. The testimony of Biallas

and Street was less specific, but they denied generally any recollection of discussing the purchase of any of the stock with appellant.

While it might be argued that appellant's testimony of certain representations which he testified were made by Street and Biallas was not expressly contradicted by them, none of it was admitted and the tenor of their testimony is that they made no false representations to him.

It is the function of the trial court to weigh the evidence. It is a rule for the guidance of the trial court that proof of fraud must be clear and convincing (12 Cal.Jur. 832) and we are satisfied that the trial court's finding negativing the making of any fraudulent representations finds adequate support in the record.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.